In an action to recover a balance alleged to bp due, pursuant to an agreement alleged to have been made by defendant to pay plaintiff a stated sum for money loaned and services rendered, defendant appeals from an order dated December 29, 1949, granting a partial summary judgment in favor of plaintiff, in the sum of $1,586.50, from the judgment entered thereon, and from an order dated April 17, 1950, granting reargument of plaintiff’s motion for partial summary judgment, and on such reargument, adhering to the determination made.by the order of December 29, 1949. Appeal from order of December 29, 1949, dismissed, without costs. That order, having been, superseded by the order of April 17, 1950, is not appealable. (Frischman V. Frischman, 275 App. Div. 860; Ruggiero V. Norwegian Shipping & Trade Mission, 269 App. Div. 707.) Order of April 17, 1950, modified on the law by striking out the second ordering paragraph and in place thereof inserting a provision awarding partial summary judgment in favor of plaintiff and against defendant in the sum of $242.50, with interest, instead of in the sum of $1,586.50, with interest, and directing *889 that the action be severed as to the balance of plaintiff’s claim. As so modified, the order is unanimously affirmed, with $10 costs and disbursements to appellant. Judgment modified on the law by striking from the first ordering paragraph the words and figures “ One thousand five hundred eighty six and 50/100 ($1,586.50) dollars with interest thereon amounting to the sum of One hundred forty three ($143.00) dollars, making a total of One thousand seven hundred twenty nine and 50/100 ($1,729.50) dollars in all, pursuant to the order granting said motion”, and inserting in place thereof the words and figures “Two hundred forty two and 50/100 ($242.50) dollars, with interest thereon”; and further modified by striking from the second ordering paragraph everything following the words “ plaintiff’s claim ”. As so modified, the judgment is unanimously affirmed, without costs. Plaintiff’s action, as pleaded in his complaint, is on an alleged agreement for the payment of money, and not on the chattel mortgage referred to in the complaint. A triable issue with respect to that agreement is established by the affidavits submitted by defendant, which should not have been summarily decided. Furthermore, defendant’s allegations as to mutual mistake as to the terms of the agreement and the chattel mortgage are not controverted except by an affidavit by plaintiff’s attorney, who does not state that he has any personal knowledge as to the facts. Present ■ — ■ Holán, P. J., Carswell, Sneed, Wenzel and MacCrate, JJ.